IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNETTE BROWN,                )
                              )
          Plaintiff,          )
                              )
v.                            )    Case No. 21-2479-JAR
                              )
STATE OF KANSAS, et al.       )
                              )
          Defendants.         )

## **ORDER**

Plaintiff, Annette Brown, filed this action seeking damages for an alleged violation of her constitutional rights by a Kansas City, Kansas police officer.  Plaintiff has filed a motion for appointment of counsel (ECF No. 4).  For the reasons discussed below, the motion is denied.

In civil actions such as this one, there is no constitutional right to appointed counsel.[1] The decision to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of counsel would be fundamentally unfair.[2]  "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature

---

[1] *Swafford v. Asture*, No. 12-1417-SAC, 2012 WL 5512038, at *1 (D. Kan. Nov. 14, 2012) (citing *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995) and *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[2] *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991).

of the factual issues raised in the claims, the litigant's ability to present her claims, and the complexity of the legal issues raised by the claims."[3]  The court also considers the efforts made by the litigant to retain her own counsel.[4]

The court does not find it appropriate to appoint counsel for plaintiff.  First, there is no indication plaintiff has made any effort to find an attorney to represent her.  On her form motion, she leaves blank the spaces for listing attorneys she contacted about her case.[5]  Second, the papers prepared and filed by plaintiff indicate she is capable of presenting this case without the aid of counsel, particularly given the liberal standards governing *pro se* litigants.  Third, the factual and legal issues in this case are not extraordinarily complex.  Plaintiff asserts she was unlawfully seized on October 1, 2019.  The court has no doubt that the district judge assigned to this case will have little trouble discerning the applicable law.  It does not appear that this case presents any atypical or complex legal issues.  Finally, based on the limited factual allegations and claims presented in the complaint, the court is unable to determine whether plaintiff's claims are particularly meritorious.

In the end, the court concludes that this is not a case in which justice requires the appointment of counsel.  If plaintiff devotes sufficient efforts to presenting her case, the

---

[3] *Id.*

[4] *Lister v. City of Wichita, Kan.*, 666 F. App'x 709, 713 (10th Cir. 2016) (quoting *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992)); *Tilmon v. Polo Ralph Lauren Factory Store*, No. 17-2383-JAR, 2017 WL 3503678, at *1 (D. Kan. July 6, 2017).

[5] ECF No. 4 at 2.

court is certain that she can do so adequately without the aid of counsel. Plaintiff's request for appointment of counsel is therefore denied.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

October 21, 2021, at Kansas City, Kansas.

                                                   s/ James P. O'Hara  
                                                   James P. O'Hara  
                                                   U. S. Magistrate Judge