IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANNETTE BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF KANSAS, et al. )<br>)<br>Defendants. ) | Case No. 21-2479-JAR |

**ORDER**

Plaintiff, Annette Brown, filed this action seeking damages for an alleged violation of her constitutional rights by a Kansas City, Kansas police officer. On October 21, 2021, the court denied her motion for appointment of counsel (ECF No. 6). Plaintiff moves the court for reconsideration of that order (ECF No. 8). Because plaintiff offers no reason that would justify reconsideration of the court's order, her motion is denied.

Motions for reconsideration of non-dispositive orders must be based on: "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] The decision whether to grant or deny a motion for reconsideration is committed to the court's discretion.[2] A motion for reconsideration is appropriate if the court "has obviously misapprehended a party's

---

[1] D. Kan. Rule 7.3(b).

[2] Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc., 259 F.3d 1226, 1235–36 (10th Cir. 2001).

position on the facts or the law."[3] However, a motion to reconsider "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[4]

Plaintiff does not argue relief is proper under any of the three bases for reconsideration. Instead, plaintiff asserts arguments that could have been more explicitly asserted in her motion for leave. Her motion seeks reconsideration on the bases that her constitutional rights were violated and that she cannot afford an attorney. These are not new facts or legal positions recently come to light. In any event, the court was aware of, and considered, plaintiff's legal claims and financial status when it denied her motion for appointment of counsel. Accordingly, plaintiff's motion for reconsideration is denied.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

November 5, 2021, at Kansas City, Kansas.

                                              s/ James P. O'Hara

---

[3] *Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[4] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *OTR Driver at Topeka Frito-Lay, Inc.'s Distrib. Cr. of Frito-Lay, Inc.*, No. 91-4193, 1993 WL 302203, at *1 (D. Kan. July 19, 1993)).

        James P. O'Hara
        U. S. Magistrate Judge